UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH S. GRABARCZYK, on behalf of himself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JOSHUA STEIN, Attorney General of the State of North Carolina, in his official capacity; BOB SCHURMEIER, Director of the North Carolina State Bureau of Investigation, in his official capacity; SEAN BOONE, District Attorney of Alamance County, North Carolina, in his official capacity; and TERRY JOHNSON, Sheriff of Alamance County, North Carolina, in his official capacity; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

_____
## COMPLAINT UNDER 42 U.S.C. § 1983
_____

### I. Introduction

1. Under North Carolina law, a person may be required to register as a sex offender in North Carolina based solely on a local sheriff's determination that they have committed an out-of-state offense "substantially similar" to a North Carolina criminal offense that would require registration.

1

2. As this Court found in *Grabarczyk v. Stein*, 2020 U.S. Dist. LEXIS 83356, 2020 WL 2441418 (E.D.N.C. May 12, 2020), this practice violates the due process rights of those subject to such determinations because such placement works a serious deprivation of personal liberty without due process. *See also Meredith v. Stein*, 355 F. Supp. 355, 365 (E.D.N.C. 2018).

3. The *Grabarczyk* decision pertained to those persons "placed on the North Carolina Sex Offender Registry solely on the basis of an offense committed in a state other than North Carolina and who both committed the predicate offense prior to December 1, 2006, and moved into the State of North Carolina prior to December 1, 2006." *Grabarczyk*, 2020 U.S. Dist. LEXIS at *3.

4. This class is so defined because the only way any such person was placed on the North Carolina Sex Offender Registry was through a local sheriff's determination that such out-of-state offense was "substantially similar" to a then-existing North Carolina offense requiring registration.

5. In response to this Court's *Grabarczyk* ruling, North Carolina enacted 2020 N.C. Sess. Law 83 §11.5(c) [attached].

6. This law directs the state District Attorneys and/or the Attorney General of North Carolina to "review" the substantial similarity determinations made with respect to each member of the *Grabarczyk* class.

7.  However, this review does not itself satisfy the minimum requirements of due process.

8.  There are no standards for conducting such review, no notice to the individual that such review is being conducted, no opportunity for the class member to provide input, no mandatory judicial hearing or other hearing before a neutral party, and no timeline in which to conduct any such review.

9.  In this case, Plaintiff Kenneth S. Grabarczyk, on behalf of himself and the other members of the *Grabarczyk* class, seeks an order of the Court declaring that 2020 N.C. Sess. Law 83 §11.5(c) does not provide constitutionally adequate process to the *Grabarczyk* class members and enjoining Defendants from including them on the North Carolina Sex Offender Registry without constitutionally adequate notice and an opportunity to be heard.

## II. Jurisdiction and Venue

1.  This case is brought pursuant to 42 U.S.C. § 1983.

2.  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1342. Plaintiff seeks redress for the deprivation of rights secured by the U.S. Constitution.

3.  Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b).

4.  All Defendants are residents of North Carolina and at least one

Defendant resides in the Eastern District of North Carolina.

5. A substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of North Carolina.

6. The declaratory and injunctive relief sought by Plaintiffs is authorized by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

7. Plaintiff Kenneth S. Grabarczyk is an individual now residing in Alamance County, North Carolina.

8. Defendant Joshua Stein is the Attorney General of North Carolina. He is sued in his official capacity.

9. By information and belief, Defendant Joshua Stein is a resident of the Eastern District of North Carolina.

10. Defendant Bob Schurmeier is the Director of the North Carolina State Bureau of Investigation. He is sued in his official capacity.

11. By information and belief, Defendant Bob Schurmeier is a resident of the Eastern District of North Carolina.

12. Defendant Sean Boone is the District Attorney of North Carolina Prosecutorial District 17, which includes Alamance County, North Carolina. He is sued in his official capacity.

13. Defendant Terry Johnson is the Sheriff of Alamance County, North Carolina. He is sued in his official capacity.

14. The events giving rise to this action took place substantially in Wake and Alamance Counties, North Carolina.

### III. Class Representation Allegations

15. Pursuant to Federal Rule of Civil Procedure 23, this action is brought on behalf of persons placed on the North Carolina Sex Offender Registry solely on the basis of the determination by local sheriff or sheriff's employee that their out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

16. The Class consists of all persons placed on the North Carolina Sex Offender registry on the basis of an offense committed in a state other than North Carolina and who both committed the predicate offense prior to December 1st, 2006 and moved into the state of North Carolina prior to December 1st, 2006.

17. The only way any such person was placed on the North Carolina Sex Offender Registry was through the determination by a local sheriff or sheriff's employee that such out-of-state offense was "substantially similar" to a then-existing North Carolina offense requiring registration.

18. In all cases, such determinations were made without notice to the person now required to register and without opportunity to be heard.

19. In all cases, such persons are now subject to 2020 N.C. Sess. Law § 11.5(c).

20. By information and belief, this Class of persons is so numerous that joinder is impractical.

21. By information and belief, there are several hundred persons in this Class.

22. The material questions of law and fact are common to the members of the Class.

23. Each member brings a common claim: placement on the North Carolina Sex Offender Registry, without notice or an opportunity to be heard, pursuant to a state or county official's determination that their out-of-state offense was "substantially similar" to a then existing North Carolina offense requiring registration is a violation of their procedural due process rights under the U.S. Constitution. *See Grabarczyk*, 2020 U.S. Dist. LEXIS at **11-16.

24. Each member further claims that the review procedures stated in 2020 N.C. Sess. Laws 83 § 11.5(c) do not rectify the existing due process violation.

25. Plaintiff Kenneth S. Grabarczyk, the Class Representative, herein brings a claim typical of the claims of the class.

26. Plaintiff Kenneth S. Grabarczyk will fairly and adequately protect the interests of the class.

27. This common question of law and substantial similarity of facts predominate over any question of law or fact affecting only individual members of the Class.

28. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

29. The Defendants have acted or refused to act on grounds that apply generally to the class, so final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

30. Adjudications with respect to individual class members would be, as a practical matter, dispositive of the interests of other members not parties to the individual adjudications and/or would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for state officials.

### IV. Statement of Facts

31. Defendant Joshua Stein, Attorney General for the State of North Carolina, is the State's authorized legal representative and has statutory

authority to bring criminal prosecutions in the State of North Carolina upon request of district attorneys.

32. Defendant Bob Schurmeier, Director of the State Bureau of Investigation, is the State employee responsible for the inclusion and exclusion of information, including whether a given individual is listed, on the North Carolina sex offender registry.

33. Defendant Sean Boone, District Attorney, is responsible for the prosecution of all crimes in Alamance County, North Carolina wherein Plaintiff, the Class Representative, currently resides.

34. Defendant Terry Johnson, Sheriff, is currently requiring Plaintiff Grabarczyk and other members of the class residing in Alamance County to register as sex offenders with his office.

35. In 2002, Mr. Grabarcyk pled guilty in Wisconsin to violating Wisconsin Statute 940.225(2)(b) (Second-Degree Sexual Assault).

36. The elements of Statute 940.225(2)(b) allow for conviction when an individual has sexual contact by use or threat of force.

37. However, under Wisconsin Statute 940.225(5)(b), the definition of "sexual contact" includes contact with the intimate part of the complainant

that is *not* for the purpose of sexual arousal, sexual gratification, or sexual abuse.

38. All relevant North Carolina criminal statutes require that, to be placed on the North Carolina Sex Offender Registry, the requisite "sexual contact" be "for the purpose of sexual arousal, sexual gratification, or sexual abuse" *See* N.C.G.S. § 14-27.33.

39. Accordingly, there is a substantial question of law whether Mr. Grabarzcyk's Wisconsin conviction is "substantially similar" to a North Carolina reportable conviction.

40. There is also a substantial question of law, if Mr. Grabarczyk's Wisconsin conviction were determined to be substantially similar to a North Carolina offense, <u>which</u> North Carolina offense it should be compared to.

41. The determination of which North Carolina offence an out-of-state offense is "substantially similar" to has significant legal effect on the individual as it may determine which sex offender statutes the individual is subject to and the length of mandatory registration.

42. Mr. Grabarczyk became a resident of North Carolina in 2005.

43. At that time, he was placed on the North Carolina Sex Offender Registry solely on the determination by an employee of the Alamance County

Sheriff's Office, acting in their official capacity, that his Wisconsin offense was "substantially similar" to a North Carolina offense requiring registration.

44. Mr. Grabarzcyk was given no notice or opportunity to be heard regarding this determination.

45. At the time Mr. Grabarczyk was required to register, and at all times prior to December 1st, 2006, the only lawful basis for placing a person on the North Carolina Sex Offender Registry on the basis of an out-of-state conviction was the determination that the out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

46. For all persons who committed the predicate offense prior to December 1st, 2006 in a state other than North Carolina and who moved into North Carolina prior to December 1st, 2006, the only lawful basis for placing a person on the North Carolina Sex Offender Registry on the basis of an out-of-state conviction was the determination that the out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

47. In all such cases, the requirement of registration is based solely on a determination by a local sheriff or sheriff's employee that the out-of-state conviction was "substantially similar" to a North Carolina offense requiring registration.

48. In all such cases, the person being required to register was given no notice or opportunity to be heard regarding this determination.

49. North Carolina state statutes did not prior to December 1st, 2006 and do not now provide any guidance for making the determination that an out-of-state offense is "substantially similar" to a North Carolina reportable conviction.

50. There was not prior to December 1st, 2006 and there is not now any other authoritative guidance to State officials regarding how to make a determination that an out-of-state offense is "substantially similar" to North Carolina reportable conviction.

51. Under the provisions of 2020 N.C. Sess. Laws 83 §11.5(c), class members are not given notice of the review of their individual case.

52. Under the provisions of 2020 N.C. Sess. Laws 83 §11.5(c), class members are not given an opportunity to be heard during the review of their individual case.

53. 2020 N.C. Sess. Laws 83 §11.5(c) contains no timeline for completion of any review.

54. 2020 N.C. Sess. Laws 83 §11.5(c) does not require review by a neutral third-party, whether a judicial officer or otherwise.

11

55. Failure to register as a sex offender in North Carolina, for Mr. Grabarczyk and others similarly situated, subjects them to felony prosecution for failing to register.

56. Placement on the North Carolina Sex Offender registry subjects Mr. Grabarczyk and others similarly situated to public opprobrium and reputational harm.

57. Placement on the North Carolina Sex Offender registry subjects Mr. Grabarczyk and others similarly situated to substantial deprivations of liberty.

58. These deprivations include, but are not limited to: on-going, in-person registration requirements and surveillance by law enforcement personnel (N.C.G.S. §§ 14-208.7, 14-208.8A, and 14-208.9); exclusion from parks, libraries, the state fair, museums, places of worship, colleges, and other locations (*See* N.C.G.S. §14-208.18(a)); restrictions on housing (N.C.G.S. §§ 14-208.16 and 14-208.18); and occupational restrictions (N.C.G.S. §§ 14-208.17 and 14-208.19A).

59. Mr. Grabarczyk and others similarly situated are currently subject to prosecution for violation of the statutes and regulations pertaining to registered sex offenders and contained in Article 27A of the North Carolina General Statutes and related provisions of North Carolina law.

60. The state has not disclaimed the intent to enforce the statutes and regulations pertaining to registered sex offenders against Mr. Grabarczyk and others similarly situated.

## IV. Cause of Action
## Procedural Due Process

61. All preceding paragraphs are incorporated herein by reference.

62. By action of the Defendants, acting in their official capacities, Plaintiff and others similarly situated have been placed on the North Carolina sex offender registry and are currently under threat of arrest and prosecution for violating any statute applicable to registrants.

63. Placement on the North Carolina sex offender registry causes reputational harm to Plaintiff and others similarly situated.

64. Placement on the North Carolina sex offender registry significantly alters the legal status and rights of Plaintiff and others similarly situated.

65. Plaintiff and others similarly situated were placed on the North Carolina Sex Offender Registry solely on the basis that their out-of-state conviction was "substantially similar" to a North Carolina offense requiring registration.

66. In all cases, Plaintiff and others similarly situated were given no notice nor opportunity to be heard prior to or after this determination was made.

13

67. The review process given in 2020 N.C. Sess. Laws 83 § 11.5(c) does not rectify these constitutional deficiencies.

68. The review process given in 2020 N.C. Sess. Laws 83 § 11.5(c) affords class members no notice or opportunity to be heard and is otherwise constitutionally deficient.

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, prays the Court:

1) For a declaratory judgment that Defendants, acting in their official capacities, have violated the Due Process Rights of Plaintiff and others similarly situated under the Fourteenth Amendment of the Constitution of the United States by placing and maintaining them on the North Carolina Sex Offender Registry and thereby subjecting them to a substantial deprivation of liberty without constitutionally sufficient due process;

2) For an Order directing Defendants, in their official capacities, to remove the name and other information of Plaintiff and others similarly situated from the North Carolina Sex Offender Registry;

3) For an injunction barring Defendants, in their official capacities, from enforcing North Carolina statutes applicable only to registered sex offenders against Plaintiff and others similarly situated;

4) For attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute; and

5) For any and all such other relief to which the class members may be entitled.

This is the 24th day of February, 2021.

*//Paul M. Dubbeling//*
Paul M. Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014
Attorney for Plaintiff