IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-94-BO

| | |
|---|---|
| KENNETH S. GRABARCZYK, on behalf of himself and others similarly situated,<br>     Plaintiff,<br><br>v.<br><br>JOSHUA STEIN, Attorney General of the State of North Carolina, in his official capacity; BOB SCHURMEIER, Director of the North Carolina State Bureau of Investigation, in his official capacity; SEAN BOONE, District Attorney of Alamance County, North Carolina, in his official capacity; and TERRY JOHNSON, Sheriff of Alamance County, North Carolina, in his official capacity,<br>     Defendants. | ORDER |

  This cause comes before the Court on defendant Stein's filing of a notice [DE 33] which the Court has construed as a motion to dismiss plaintiff's complaint as moot. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, Stein's motion is granted and all other pending motions are denied as moot.

## BACKGROUND

  Plaintiff, Kenneth Grabarczyk, filed this complaint on behalf of himself and others similarly situated as a putative class action challenging 2020 N.C. Sess. Law 83 § 11.5(c), as amended by 2020 N.C. Session Law 90 § 11.5(c), which addresses the procedures for determining whether an out of state conviction is substantially similar to a North Carolina

conviction which requires sex offender registration. Previously, this Court had determined that North Carolina's prior procedure for determining substantial similarity in this context violated due process. *See Meredith v. Stein*, 355 F. Supp. 3d 355 (E.D.N.C. 2018); *Grabarczyk v. Stein*, No. 5:19-CV-48-BO, 2020 WL 2441418, at *6 (E.D.N.C. May 12, 2020) (*Grabarczyk I*).

While the appeal was pending in *Grabarczyk I*, the North Carolina legislature adopted the provisions challenged by Grabarczyk in this case. Grabarczyk alleges that the new law still does not satisfy the minimum requirements for due process. Grabarczyk seeks an order declaring that 2020 N.C. Sess. Law. 83 § 11.5(c) does not provide constitutionally adequate process to the *Grabarczyk* class members and enjoining defendants from including the *Grabarczyk* class members on the North Carolina Sex Offender Registry without constitutionally adequate notice and an opportunity to be heard. [DE 1].

After serving the defendants with the complaint, motions to dismiss on various grounds were filed by defendants Stein, Schurmeier, and Sean Boone. Defendant Johnson answered the complaint. No motion to certify the putative class has been filed. On September 28, 2021, Stein filed the instant motion to dismiss, arguing that the case is now moot because plaintiff Grabarczyk received a hearing in Alamance County Superior Court after which the Superior Court determined that Grabarczyk's out of state conviction is not substantially similar to a North Carolina conviction requiring sex offender registration. Grabarczyk was removed from the North Carolina Sex Offender Registry on the order of the Superior Court.

## DISCUSSION

Article III of the United States Constitution permits a federal court to hear only cases or controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 577 (1992). "A case becomes moot— and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). Even where a plaintiff has standing at the commencement of an action, "subsequent events can moot the claim." *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013).

A Rule 23 class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). Typically, if no named class representative with an unexpired claim is present in the case at the time of class certification, the case becomes moot. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018). However, mootness is a somewhat more flexible concept in the class action context in light of the nature of these actions. *See Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F. Supp. 2d 856, 860 (D. Md. 2013).

Plaintiff does not argue that his own claims are not moot in light of recent events and the Court finds that they are. Rather, plaintiff argues that the "pick-off" exception to the mootness doctrine should apply. The pick-off exception, as has been recognized in other circuits but not by the Fourth Circuit, applies where the defendant has "sought to 'buy off' the individual private claims of the named plaintiffs." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980). To allow a defendant to "pick off" plaintiffs by tendering judgment before the court is able to rule on class certification would, obviously, "frustrate the objectives of class actions [and] waste judicial resources." *Id.*

Here, plaintiff has not been "picked-off" by defendants by being made a tender of judgment. Noticing a hearing to determine whether plaintiff's out of state conviction is substantial similar to a North Carolina conviction requiring sex offender registration is plainly different from attempting to buy off the plaintiff. Rather, a hearing was held before a superior

3

court judge after being noticed by an Alamance County prosecutor. The superior court judge could have held that plaintiff's out of state crime was substantially similar, and plaintiff would continue to have a cognizable interest in this litigation. That the judge ruled in plaintiff's favor is not evidence of a "pick-off," even if such exception applies in this circuit. Indeed, a pick-off is more likely where the cost of mooting a claim is low, *Kensington Physical Therapy*, 974 F. Supp. 2nd at 695, which is not the case here as the resolution of whether plaintiff is required to register as a sex offender involves judicial resources.

Accordingly, the Court concludes that plaintiff's claim is moot. Plaintiff has failed to demonstrate that any exception to the mootness doctrine applicable to class actions applies. As no class has been certified, and no motion to certify class has been filed, this action is appropriately dismissed. All other pending motions are denied as moot.

## CONCLUSION

For the foregoing reasons, defendant Stein's motion to dismiss this action as moot [DE 33] is GRANTED. The complaint is hereby DISMISSED. All other pending motions [DE 17, 19, 21, 23, 24] are DENIED AS MOOT.

SO ORDERED, this  day of December, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE